# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                   Case No.  2:11-cr-43-FtM-29SPC

**GERALD HOWARD MEYER**
_____

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 19, 2011. The government was represented by Yolande Viacava, Assistant United States Attorney and the Defendant was represented by Jim Lappan from the Office of the Federal Public Defender.

Prior to the hearing, Defense Counsel filed a Motion to Determine Competency (Doc. #12) indicating the Defendant was incapable of consulting with Counsel with a reasonable degree of rational understanding.  Counsel states he has been unable to engage the Defendant in a lucid conversation and believes Defendant has neither a rational or factual understanding of the charges against him.  Furthermore, the Defendant suffers from schizophrenia and multiple-personality disorder requiring numerous medications to regulate and treat his mental illness(es).

Given the sensitive nature of the information before the Court, Counsel for the Defendant and Government conferred with the Court and Pretrial Services regarding the issues raised in the instant motion.  The Court took into account the Pretrial Services Report, the proffers and argument of counsel, the nature and circumstances of the offense, the weight of evidence against the Defendant and the Defendant's personal characteristics. The Court finds there are no conditions that can be fashioned to assure the Court the Defendant is not a risk of flight or a danger to the community and himself.

In order for a criminal case to proceed, a defendant must be competent at all critical stages of the proceedings. In this case, Defense Counsel raised concerns regarding the Defendant's competency at the initial appearance held before the Honorable Douglas N. Frazier. Since the initial appearance, Counsel has learned through family members that the Defendant suffers from significant mental illness and physical ailments resulting from a major car accident. Counsel and the Defendant have been unable to engage in any meaningful conversation regarding the nature and seriousness of the charges nor any meaningful defense. Furthermore, the presumption is applicable in this matter and the Court will rely on the presumption at this time.

Thus, pursuant to 18 U.S.C. §3761(h)(8)(6), the Court finds the ends of justice are best served granting Defense Counsel's Motion and continuing the case in order to determine the Defendant's competency. An examination of the Defendant is necessary and proper in order to determine if Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, pursuant to 18 U.S.C.§4241.

Therefore it is

**ORDERED**

(1) The Motion to Determine Competency (Doc. #12) is **GRANTED.**

2) Pursuant to 18 U.S.C. §4247(b), the Defendant shall be examined forthwith for the purpose of an examination under 18 U.S.C. §4241.

3) Said examination should determine Defendant's present competency to stand trial, which shall include his ability to understand the nature and consequences of the proceedings against

him and his ability to assist properly in his defense. In making this determination, the examiner shall specifically include in the report the following items:

    a. The Defendant's history and present symptoms;

    b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. The examiner's findings;

    d. The examiner's opinions as to diagnosis, prognosis, whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    e. With regard to item d, the examiner shall answer the following additional questions:

        1. Does the Defendant have present sufficient ability to consult with his counsel with a reasonable degree of rational understanding; and

        2. Does the Defendant have a rational, as well as factual understanding of the proceedings against him?

4)     The United States Marshal for this District shall transport the Defendant to the Federal Detention Center, Miami, Florida for such examination. The examination shall last for a reasonable period of time, not to exceed thirty (30) days, unless the facility applies for a reasonable extension not to exceed an additional fifteen (15) days. 18 U.S.C. § 4247(b). Upon completion of the examination, the Marshal shall return the Defendant to the Middle District of Florida for further proceedings.

5)     Upon completion of this examination, the examiner shall prepare a written report which includes the answers to the above questions and furnish it to the Honorable Sheri Polster Chappell,

United States Magistrate Judge, U.S. Courthouse and Federal Building, 2110 First Street, Fort Myers, Florida 33901, with copies to Yolande Viacava, Assistant United States Attorney, U.S. Courthouse and Federal Building, 2110 First Street, Fort Myers, Florida 33901, and Jim Lappan, Assistant Federal Public Defender, 1514 Broadway, Fort Myers, Florida 33901-3019.

6) The Department of Justice shall be responsible for payment of the services rendered in accordance with this Order.

7) The Defendant shall also undergo a thorough physical examination to determine the status of the Defendant's injuries and physical well-being.

8) After considering all the factors, including those set forth in 18 U.S.C. § 3161(h)(8)(B), and for the reasons stated on the record, the Court finds that the ends of justice served granting a continuance for the evaluation of the Defendant outweigh the best interest of the public and the Defendant in a speedy trial. The Court, therefore, determines that the time from April 19, 2011 until the competency of the Defendant can be determined shall be excludable time.

**DONE** and **ORDERED** in Fort Myers Florida this ___20th___ day of April, 2011.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

**DIRECTIONS REGARDING DETENTION**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a Court proceeding.

Copies: U.S. Marshal